# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| STANDARD INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff* | )<br>) Case No. 5:18-cv-00015-JLH |
| v. | )<br>) |
| LATESEA LIGHTFOOT | )<br>) |
| And | )<br>) |
| LARONICA CONNER (defaulted), | )<br>) |
| *Defendants.* | ) |

## CONSENT FINAL ORDER AND JUDGMENT

With the agreement and consent of all parties not in default, the Court hereby orders and adjudges:

1. This Court has subject matter jurisdiction over this action pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3). Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

2. Defendant Latesea Lightfoot ("Lightfoot") submits to the jurisdiction of this Court and appears for the purpose of effectuating and facilitating the entry of the order and judgment in this action and the dismissal with prejudice of this entire matter, without fees or costs to anyone. Lightfoot acknowledges being properly served with the Summons and Complaint on file herein and she

acknowledges that she has had the opportunity to consult with the attorney of her choosing.

3. Wagner Industries, Inc. sponsors an "employee welfare benefit plan" that provides life insurance benefits to certain of its employees (hereinafter "Plan"). The Plan is an "employee welfare benefit plan" within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1)

4. Plaintiff, Standard Insurance Company ("Standard"), issued Group Life Insurance Policy No. 159328-A (hereinafter "Policy"), to insure the benefits that became payable under the Plan.

5. Upon the death of Cedric Devon Lightfoot, on October 26, 2017, Seven Thousand Dollars ($7,000) (the "Disputed Funds") became payable under the Policy.

6. Standard received conflicting claims to the Disputed Funds from former Defendant Laronica Conner ("Conner") and from Lightfoot, the daughter of Decedent.

7. Confronted with conflicting claims and the possibility of making duplicative payments if it honored in whole or in part either the claim of Connor or that of Lightfoot, Standard filed this Interpleader action in good faith as an innocent stakeholder on January 17, 2018, naming both Conner and Lightfoot as defendants.

8. On April 4, 2018, this Court entered a Default Judgment against Conner after she was properly served but failed to timely appear or file any answer or motion responsive to the Complaint in Interpleader.

9. Following the entry of default against Conner, only Lightfoot was asserting any claim to the Disputed Funds.

10. Decedent's last beneficiary designation form in the records of Standard designated Lightfoot as his sole beneficiary.

11. Absent the timely appeal by Conner challenging the entry of the default judgment against her, the parties agree that Standard should pay the Disputed Funds of $7,000 to Lightfoot as a full and complete resolution of this matter.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN AND WITH THE CONSENT OF THE PARTIES, the Court Orders and Adjudges:

a) Unless Conner shall file on or before June 6, 2018 either a motion with this Court seeking to have the Default Judgment set aside or a notice of appeal, Standard shall after June 6, 2018 pay to Lightfoot the Disputed Funds of Seven Thousand Dollars ($7,000.00), such check to be delivered to Lightfoot's attorney, Ronald Davis. In the event Conner on or before June 6, 2018 files with this Court a motion seeking to have the Default Judgment set aside or a notice of appeal, this Consent Final Order and Judgment shall be stayed

pending a further Order of this Court and Standard shall have no duty to pay the Disputed Funds to Lightfoot pending a further order of this Court;

b) Upon Standard paying the Seven Thousand Dollars ($7,000.00) pursuant to the paragraph above, it shall have fulfilled all its duties and obligations under the Policy and the Plan arising from the death of Cedric Devon Lightfoot;

c) Any claim Lightfoot may have had or has against Standard (including any of its past, present and future affiliates, officers, directors and employees), or the Plan (including any of its past, present or future administrators and fiduciaries), arising from or related in any way to the Plan or the Policy or their respective administrations, or the death of Cedric Devon Lightfoot, is forever forfeited, waived, released and barred;

d) Any claim by any person, company or entity claiming to have rights by, through or derivative of Lightfoot, including but not limited to any of her heirs or assigns, in any way related to the Plan, the Policy or their respective administrations, or the death of Cedric Devon Lightfoot is forever forfeited, waived, released and barred;

e) Lightfoot and her heirs and assigns shall be and are forever enjoined from bringing any claim, action or lawsuit against Standard (including its past, present and future affiliates, officers, directors and employees) or the Plan

(including its past, present or future administrators or fiduciaries) arising from or in any way related to the Plan, the Policy, the death of Cedric Devon Lightfoot or any matter that could have been asserted in this action.

| **THOMPSON COBURN LLP** | **RONALD L DAVIS JR. LAW FIRM PLLC** |
|---|---|
| By: */s/ Richard J. Pautler* <br> Richard J. Pautler <br> One US Bank Plaza 35th Fl. <br> St. Louis, MO 63101 <br> (314) 552-6470 <br> Attorneys for Standard Insurance Company | By: */s/ Ronald Davis (with consent)* <br> Ronald Davis <br> PO Box 3432 <br> Little Rock, AR 72203-3432 <br> (636) 949-9300 <br> Attorneys for Latesea Lightfoot |

**SO ORDERED AND ADJUDGED**

_____
United States District Court Judge

Dated: __April 23, 2018__